**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MANDRIEZ SPIVEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Sergeant BALL, *et al.*, | : | NO. 5:11-CV-274-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

<u>**ORDER AND RECOMMENDATION**</u>

Plaintiff **MANDRIEZ SPIVEY**, an inmate at Augusta State Medical Prison ("ASMP"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff filed an amendment to his complaint (ECF No. 10), which this Court has considered along with his complaint.[1]

Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 9).  In compliance with this Court's prior Order, Plaintiff has submitted a copy of his trust fund account statement (ECF No. 12).  Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff is nevertheless obligated to pay the full filing fee, in installments, as

---

[1]

Also before the Court is a motion that the Clerk's Office has docketed as a "Motion for an Investigation" (ECF No. 8).  In his motion, Plaintiff asks this Court to dispatch an investigator or a team of agents to investigate his allegations.  It is not this Court's role to provide an investigator for Plaintiff.  As noted below, Plaintiff will be afforded the opportunity to conduct discovery.  Accordingly, Plaintiff's motion is **DENIED.**

will be directed later in this Order and Recommendation.  The Clerk of Court is directed to send a copy of this Order to the business manager of ASMP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's claims arise out of his previous confinement at Georgia Diagnostic and Classification.  On June 20, 2011, Plaintiff, who was attempting to protest his confinement in segregation, began to "buck" his food tray.  Defendants Sergeant Ball, Officer Baker, and

3

an Officer named either Solomon or Townsend intervened and wedged Plaintiff's arm between the tray and the opening in Plaintiff's cell door for eight minutes.  Plaintiff states that as a result of the altercation, he suffered bruises, swelling, loss of movement in his wrist and fingers, and nerve damage.

Plaintiff was thereafter taken to medical where Defendants Dr. Burnside and Nurse Gore allegedly failed to provide Plaintiff with treatment for his arm and hand.  According to Plaintiff, Burnside told him that either Plaintiff's arm was going to get better on its own or it would not.

Plaintiff alleges that, on one or more occasions, he told the following Defendants that he needed medical care for his injuries:  Deputy Warden Powell, Deputy Warden Malone, Unit Manager Mintz, Captain McMillian, Lieutenant Williams, Sergeant Beasley, and Officer Daniels.

In addition to the above defendants, Plaintiff sues Warden Carl Humphries for his failure to supervise his employees.  In his amendment, Plaintiff states he wishes to sue Governor Nathan Deal and Commissioner Brian Owens, but he alleges no facts involving these individuals.[2]  Finally, Plaintiff generally alleges that various unspecified Defendants participated in a "conspiracy" by denying Plaintiff medical care, placing microphones and cameras in Plaintiff's cell, and "put[ting] something" in Plaintiff's food and drink.

## III.  DISCUSSION

---

[2]

Plaintiff initially complained about his parole process, but he abandons that claim in his amendment (ECF No. 10).

### A.  Dismissed Defendants and Claims

Plaintiff alleges no facts whatsoever involving Governor Deal and Commissioner Owens.  He thus clearly has not stated a colorable claim against them.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

With respect to Warden Humphries, Plaintiff summarily alleges that Humphries failed to supervise medical personnel.  "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability of Humphries.

As to Plaintiff's conspiracy claim, Plaintiff conclusorily alleges conspiracy among various Defendants, but provides no specific factual allegations supporting the existence of a conspiracy.

5

Such allegations are both without any basis in fact and insufficient to support a claim of conspiracy. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

In light of the above, it is hereby **RECOMMENDED** that Defendants Governor Deal, Commissioner Owens, and Warden Humphries be **DISMISSED** as Defendants herein and that Plaintiff's conspiracy claim also be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.  Remaining Defendants

Construing Plaintiff's complaint liberally in his favor, as this Court must do at this early stage of the proceeding, the Court will allow this case to go forward against Defendants Sergeant Ball, Officer Baker, Dr. Burnside, Nurse Gore, Deputy Warden Powell, Deputy Warden Malone, Unit Manager Mintz, Captain McMillian, Lieutenant Williams, Sergeant Beasley, Officer Daniels, and the Officer named either Solomon or Townsend.  For service upon this latter Defendant, Plaintiff describes him as a black male, bald with glasses, 6'2" in height, and 320 pounds.  Accordingly, it is hereby **ORDERED** that service be made on the

6

above Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and

7

correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served  electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories)

shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law

citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount

has been paid in full; plaintiff shall continue to remit monthly payments as required by the

***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing

fee by any means permitted by law is hereby authorized in the event plaintiff is released from

custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal

if he has the ability to make monthly payments and fails to do so.

      **SO ORDERED AND RECOMMENDED**, this 17th day of January, 2012.


                    S/ STEPHEN HYLES
                    UNITED STATES MAGISTRATE JUDGE